**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| LEXINGTON LUMINANCE LLC, | CASE NO. 5:22-CV-02235 |
| Plaintiff, | JUDGE DAVID A. RUIZ |
| v. | |
| TECHNICAL CONSUMER PRODUCTS, INC., | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | |

Plaintiff Lexington Luminance LLC's Amended Complaint, (R. 11), claims Defendant Technical Consumer Products, Inc. ("TCP") infringed its patent. Now pending is Defendant TCP's Motion to Dismiss the Amended Complaint, (R. 12), to which Plaintiff filed a brief in opposition (R. 13), and Defendant filed a reply in further support. R. 20. For the reasons stated below, the Court GRANTS Defendant's Motion and dismisses this case.

### I. Factual Allegations

This matter alleges infringement of United States Patent No. 6,936,851 B2 and 6,936,851 C1, collectively referred to as the '851 patent, which covers light-emitting diodes (LEDs). R. 11, Page ID#: 253. LEDs emit light by causing atoms to move across a semi-

conductor, the movement induces them to release photons—photons are what make up light. The structure of the semi-conductor can impact how effectively the atoms move, and therefore, how effectively the LED emits light. As explained by the district court in *Lexington Luminance LLC v. Bulbrite Industries, Inc.*, 2023 WL 143911, at *1 (D. New Jersey Jan. 10, 2023):

> LEDs generally consist of material deposited on a base material known as a substrate. When the substrate material and the deposited layer material have different crystal structures that are incompatible in their atomic arrangements, a lattice mismatch may occur. A lattice mismatch creates a strain where the materials meet, which generates structural defects, also known as lattice defects. These defects multiply and propagate into the light-emitting active layer, resulting in premature degradation of the LED.

The '851 patent covers a structure for LEDs that provides a solution to lattice mismatch and is purported to increase the effectiveness of an LED by channeling the most effective atomic movement to the most visible part of the bulb, increasing the consistency of the light. It is not disputed that Lexington is the owner of the '851 patent, which was originally issued in 2005 and was re-issued in 2014 after an *ex parte* reexamination by the United States Patent and Trademark Office. R. 11, PageID#: 253.

Paragraph twelve of the Amended Complaint states that the Defendant infringed claims 1, 2 and 15 of the '851 patent by using a semiconductor in LEDs that is covered by the '851 patent, but all other allegations only allege infringement of claim 1. R. 11, Page ID#: 254, 262 ¶12, 13, 29. Claim 1 of the '851 patent reads as follows:

1. A semiconductor light-emitting device comprising:
a substrate;
a textured district defined on the surface of said substrate comprising a plurality of etched
    trenches having a sloped etching profile with a smooth rotation of microfacets
    without a prescribed angle of inclination;
a first layer disposed on said textured district; comprising a plurality of inclined lower

> portions, said first layer and said substrate form a lattice mismatched misfit system, said substrate having at least one of a group consisting of group III-V, group IV, group II-VI elements and alloys, ZnO, spinel and sapphire; and
> a light-emitting structure containing an active layer disposed on said first layer, whereby said plurality of inclined lower portions are configured to guide extended lattice defects away from propagating into the active layer.

R. 11-1, PageID# 283, col. 1 l. 25 – col. 2 l. 42.

Plaintiff contends that Defendant's product, the TCP LT815AB50K T8 15W 4 Ft Type AB Tube 1800 Lm 5000K, infringes on claim 1 of the '851 patent because in includes each of the elements above. R. 11, PageID#: 254 ¶ 13. On June 15, 2020, Defendant received a letter from Plaintiff intended to put them on notice of their infringement. R. 11, PageID#: 261 ¶ 25, 27. Plaintiff provides a variety of screen shots and images to support of their claim of infringement and includes allegations of induced infringement and willful infringement. *See generally* R. 11.

## II. Standard of Review

When ruling upon a motion to dismiss filed under Federal Rule of Civil Procedure 12(b)(6), a court must accept as true all the factual allegations contained in the complaint and construe the complaint in the light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007); *accord Streater v. Cox*, 336 F. App'x 470, 474 (6th Cir. 2009). Nonetheless, a court need not accept a conclusion of law as true:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in [*Bell Atlantic Corp. v.*] *Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L.Ed. 2d 929, the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id.*, at 555, 127 S. Ct. 1955, 167 L.Ed. 2d 929 (*citing Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L.Ed. 2d 209 (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S., at 555, 127 S. Ct. 1955, 167 L.Ed. 2d 929. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*, at 557, 127 S. Ct. 1955, 167 L.Ed. 2d 929.

3

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id*., at 570, 127 S. Ct. 1955, 167 L.Ed. 2d 929. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*., at 556, 127 S. Ct. 1955, 167 L.Ed. 2d 929. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*., at 557, 127 S. Ct. 1955, 167 L.Ed. 2d 929 (brackets omitted).

*Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).

The same pleading standard applies to claims of patent infringement. *See Golden v. Apple, Inc.*, 819 F. App'x 930, 930-31 (Fed. Cir. 2020). "To survive a Rule 12(b)(6) motion in the context of a patent infringement claim, a plaintiff must allege facts sufficient to place a 'potential infringer … on notice of what activity or device is being accused of infringement.'" *Gold Crest, LLC v. Project Light, LLC*, 525 F.Supp.3d 826, 836 (N.D. Ohio 2021) (Lioi, J) (internal citation omitted). "[A] plaintiff cannot assert a plausible claim for infringement under the *Iqbal/Twombly* standards by reciting the claim elements and merely concluding that the accused product has those elements." *Bot M8 LLC v. Sony Corporations of America,* 4 F.4th 1342, 1353 (Fed. Cir. 2021). Thus, "[w]hile a plaintiff 'need not prove its case at the pleading stage,' nor plead infringement on an element-by-element basis, 'there must be some factual allegations that, when taken as true, articulate why it is plausible that the accused product infringes the patent claim." *Bulbrite*, 2023 WL 143911, at *3 (quoting *Bot M8*, 4 F.4th at 1352–53). "The level of detail required to adequately plead infringement will depend on several factors, including 'the complexity of the technology, the materiality of

4

any given element to practicing the asserted claim(s), and the nature of the allegedly infringing device." *Id*. (quoting *Bot M8*, 4 F.4th at 1353).

Finally, as to willful infringement and induced infringement, successfully pleading those claims depends upon initially successfully pleading an underlying claim of direct infringement. *Linear Tech. Corp. v. Impala Linear Corp.*, 379 F.3d 1311, 1326 (Fed. Cir. 2004) ("'Liability for either active inducement or for contributory infringement is dependent upon the existence of direct infringement.' There can be no inducement or contributory inducement without an underlying act of direct infringement." (quoting *Joy Techs., Inc. v. Flakt*, Inc. 6 F.3d 770, 774 (Fed. Cir. 1993)).

### III. Analysis

#### A. Failure to Plead Infringement

While Plaintiff does not need to prove their case in their complaint by showing that every element is present in Defendant's product, they do need to do more than simply state that Defendant's product contains each element. *Bot M8 LLC*, 4 F.4th at 1352.

The allegations in Plaintiff's Complaint do not sufficiently allege infringement. *See generally* R. 1. There are several grey-scale images that are supposedly depicting the accused product; however, Plaintiff has not included any information about where these images came from or what exactly they represent. *Id.* In one paragraph, to aver infringement of the first element, Plaintiff states that the accused product contains a substrate and includes an image of a light grey box on a dark grey background with the box labeled "substrate". R. 1, PageID#: 6 ¶15. Plaintiff does not explain what the image

5

represents or why the light grey portion is considered a substrate. With no explanation or context for the image the Court cannot conclude that the image is representative of Defendant's product. Thus, the Court is merely left with a statement that Defendant's product includes a substrate.

Next, Plaintiff includes an image to allege there is a textured district comprised of etched trenches, to indicate infringement of the second element. R. 1, PageID# 6–7 ¶16. While the image does show a series of trenches, again, there is no explanation for where the image came from or what part of the accused product it represents. There are no facts or evidence provided to show the Court that this image is indeed representative of Defendant's product. Without some factual support that the image indeed represents the accused product, the Court is left only with a statement that the accused product contains the second element of Claim 1.

Additionally, to show infringement of the third element Plaintiff attempted to include some empirical evidence to show that Defendant's product contains certain compounds, such as gallium nitrate and sapphire. *Id.* at PageID# 8–10 ¶18–20. However, these images are included with no context and no explanation of the process used to obtain them. Plaintiff uses acronyms such as "EDX" and "SEM" when presenting these images without an explanation for what these terms mean. *Id.* Plaintiff alleges insufficient information for the Court to conclude that these findings actually came from Defendant's products, and provides no basis for the Court to understand the methodology used to obtain these results.

The lack of background and sufficient explanation for the images included in the Complaint leave the court with bare assertions that Defendant's product contains each of

the elements in Claim 1. Therefore, Plaintiff's Complaint falls short of the pleading standard for infringement that requires more than simply stating that the accused product contains the elements of the infringed patent. *Bot M8 LLC*, 4 F.4th at 1353 (Fed. Cir. 2021) ("a plaintiff cannot assert a plausible claim for infringement under the *Iqbal/Twombly* standard by reciting the claim elements and merely concluding that the accused product has those elements.") Without more, Plaintiff has merely provided conclusions and formulaic recitations of the claimed elements. Therefore, Plaintiff has failed to effectively plead infringement.

### B. Failure to plead induced infringement and willful infringement

Finally, as to willful infringement and induced infringement, plausibly pleading those claims depends upon initially pleading an underlying claim of direct infringement. *Linear Tech. Corp.*, 379 F.3d at 1326. ("'Liability for either active inducement or for contributory infringement is dependent upon the existence of direct infringement.' There can be no inducement or contributory inducement without an underlying act of direct infringement." (quoting *Joy Techs., Inc.,* 6 F.3d at 774)). As indicated above, Plaintiff has not satisfied this pleading standard.

Further, mere knowledge of a patent is insufficient to constitute willful infringement. *Halo*, 136 S. Ct. at 1936 ("[T]he Court's references to 'willful misconduct' do not mean that a court may award enhanced damages simply because the evidence shows that the infringer knew about the patent and nothing more.") (Breyer, J., concurring); *CG Tech.*, 2016 WL 4521682, at *14 (dismissing willfulness claim because "alleging that Defendant only knew about the patent is insufficient to constitute willful infringement").

Plaintiff has not plausibly pleaded a claim of infringement; therefore, Plaintiff's claims of

7

willful and induced infringement must be dismissed.

## IV. Conclusion

Defendant's Motion to Dismiss the Amended Complaint (R. 12) is hereby GRANTED for the foregoing reasons, and this action is dismissed.

IT IS SO ORDERED.

s/ *David A. Ruiz*
David A. Ruiz
United States District Judge

Date: May 9, 2025